UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Wilson Jr., #295493, | ) C/A No. 0:08-815-CMC-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Robert L. Kilgo Jr., Attorney at Law; | ) and |
| John M. Milling, Judge; and | ) Order |
| Michael J. Baxley, Judge, | ) |
| Defendants. | ) |

This matter has been filed pursuant to 42 U.S.C. § 1983 by a prisoner proceeding *pro se*. Plaintiff indicates he "asked for lawyer in my case to go to trial with...." *See Complaint* @ 3. Although it is not entirely clear from the complaint, it appears that plaintiff had a "private attorney" (Kilgo), but "he...[was] taken off my case." *Id.* @ 3. Plaintiff alleges he asked several judges to appoint counsel to represent him at trial but he was never provided with counsel. Plaintiff was sentenced to thirty-five (35) years in prison. In his prayer for relief, plaintiff asks this court to "drop all of the charge's (sic)", "get me out of jail/prison", and appoint him counsel for the above-captioned action.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by



attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As an initial matter, the two judges named as Defendants enjoy absolute immunity from suit for their decisions in Plaintiff's criminal case. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Further, plaintiff can not proceed against defendant Kilgo because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

Finally, insofar as the plaintiff's conviction and related state court proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued.



*See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004). Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

### **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].



Plaintiff's motion for appointment of counsel is **denied**.

Columbia, South Carolina  
April 7, 2008

Bristow Marchant  
United States Magistrate Judge

*The plaintiff's attention is directed to the important notice on the next page.*



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

